UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00748-GNS-RSE

GS HOLISTIC, L.L.C.                                                                                           PLAINTIFF

v.

BRANDENBURG 23 LLC et al.                                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike (DN 15).  The motion is ripe for adjudication.

### I.   BACKGROUND

Plaintiff GS Holistic, L.L.C. ("Plaintiff") filed this trademark infringement action against Defendants Brandenburg 23 LLC d/b/a Crown Smoke Shop and Mohammed Mezyed (collectively, "Defendants").  (Compl. ¶¶ 5-6, DN 1).  In their Answer, Defendants raised numerous affirmative defenses.  (Answer 4-5, DN 8).  Plaintiff has moved to strike many of those defenses.  (Pl.'s Mot. Strike, DN 15).

### II.   JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

### III.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 12, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  This provision allows the court to correct a defect in the pleadings "when the defect 'may affect the

1

merits of the litigation or prejudice one of the parties.'" *Tinsley v. Conn. Gen. Life Ins. Co.*, 744 F. Supp. 2d 637, 639 (W.D. Ky. 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2009)). A court has considerable discretion when deciding whether to strike pursuant to Fed. R. Civ. P. 12(f). *See Thompson v. Hartford Life & Accident Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. 2010). An affirmative defense need only be "pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, *supra*, § 1274). Overall, "motions to strike affirmative defenses are disfavored and are infrequently granted." *United States v. Hardage*, 116 F.R.D. 460, 463-64 (W.D. Okla. 1987) (citations omitted).

### IV. DISCUSSION

#### A. Affirmative Defense No. 2

The first challenged defense is lack of standing. (Pl.'s Mot. Strike 4-5). Standing "is the threshold question in every federal case." *Mackinac Ctr. for Pub. Pol'y v. Cardona*, 102 F.4th 343, 350 (6th Cir. 2024) (internal quotation marks omitted) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "As a jurisdictional requirement, standing to litigate cannot be waived or forfeited." *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662-63 (2019). Therefore, whether this defense is asserted or not is inconsequential, and the motion is denied on this basis.

#### B. Affirmative Defense No. 8

Plaintiff also seeks to strike defense of third-party liability because no specific party is identified. (Pl.'s Mot. Strike 5). While Plaintiff criticizes for Defendants for not pleading more details to support this defense, Plaintiff has been put on notice that Defendants have raised this defense. The motion is denied as to this affirmative defense.

2

C. **Affirmative Defense No. 9**

In addition, Plaintiff contends that Defendants have improperly pled the defenses of unclean hands, estoppel, acquiescence, laches, and waiver in violation of Fed. R. Civ. P. 8 and 10. (Pl.'s Mot. Strike 5). Fed. R. Civ. P. 8 provides that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). In relevant part, Fed. R. Civ. P. 10 provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Notwithstanding Plaintiff's argument, each of Defendants' defenses are asserted in "short and plain terms", so the assertion of those defenses is consistent with Fed. R. Civ. P. 8(b)(1). In addition, Fed. R. Civ. P. 10(b) does *not* require separate paragraphs to assert each of those defenses, as argued by Plaintiff. Plaintiff's challenge to the affirmative defenses in the ninth paragraph is not well-taken because Plaintiff has been put on notice of these defenses.

D. **Affirmative Defense No. 11**

Plaintiff challenges the assertion of the defense of statute of limitations. (Pl.'s Mot. Strike 6). Fed. R. Civ. P. 8 provides a non-exhaustive list of affirmative defenses that must be asserted in an answer, and that list specifically includes the defense of statute of limitations. *See* Fed. R. Civ. P. 8(c)(1). Whether this defense is ultimately successful must be determined at a later stage in the litigation, but it was not improper for Defendants to raise this defense. Because this affirmative defense properly put Plaintiff on notice, the motion is denied.

  E. <u>**Affirmative Defense Nos. 12 and 13**</u>

Plaintiff moved to strike the two defenses that its requested remedies may not be recoverable or may be barred. (Pl.'s Mot. Strike 6-8). As Defendants note, these are "negative defense[s], which [are] [] defense[s] that demonstrates that a plaintiff has not met his burden of proof." (Defs.' Resp. Pl.'s Mot. Strike 4, DN 18); *U.S. ex rel. Scott v. Humana, Inc.*, No. 3:18-CV-0001-GNS, 2018 WL 4868991, at *4 (W.D. Ky. Aug. 16, 2018) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Jackson v. Romine*, No. C 82-0471 L(A), 1984 WL 2786, at *1-2 (W.D. Ky. Mar. 19, 1984)). This Court has recognized that "[a] negative defense may be raised at any time during a proceeding, regardless if a defendant has raised it in its answer or not." *Id.* Accordingly, the motion is denied as to these affirmative defenses.

  F. <u>**Affirmative Defense No. 14**</u>

Lastly, Plaintiff seeks to strike the reservation of rights defense asserted by Defendants in which they purport to reserve the right to assert future defenses. (Pl.'s Mot. Strike 8). "This right to amend, however, is not a defense at all nor is it appropriate because the pleading of additional defenses must comply with Fed. R. Civ. P. 15(a)." *Maker's Mark Distillery, Inc. v. Spalding Grp., Inc.*, No. 3:19-CV-00014-GNS-LLK, 2020 WL 1430610, at *3 (W.D. Ky. Mar. 20, 2020) (citing *Palmer v. Oakland Farms, Inc.*, No. 5:10-CV-00029, 2010 WL 2605179, at *6 (W.D. Va. June 24, 2010)). The Court declines to strike this defense, however, because this affirmative defense is meaningless, does not impact the merits of the case, and will not result in any prejudice to Plaintiff.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (DN 15) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

May 1, 2025

cc: counsel of record